```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION


JERRY YOUNG and CHRISTY COLLEY                          PLAINTIFFS


VS.                               CIVIL ACTION NO. 3:08CV567TSL-JCS

DELBERT HOSEMANN, in his official
capacity as the Secretary of State of
Mississippi; KRISTIN BUSE, DEBBY
McCAFFERTY, JOHN M. WAGES,
HARRY GRAYSON, JR., and
JOHN H. EDWARDS, in their official
capacities as Election Commissioners of
Lee County; and VIVIAN BURKLEY,
JULIUS HARRIS, JIMMY HERRON,
BONNIE G. LAND, and RONALD McMINN,
in their official capacities as Election
Commissioners in Panola County                          DEFENDANTS
```

## ORDER

This cause is before the court on the motion of defendants to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have responded in opposition to the motion. The court, having considered the memoranda of authorities submitted by the parties, concludes as a matter of law that plaintiff's complaint is without merit and should be dismissed with prejudice.

Plaintiffs filed this action on September 12, 2008, accompanied by a motion for preliminary injunction, alleging that "Article 12, Section 241 of the Mississippi Constitution explicitly allows for individuals who have been convicted of a crime to vote for President and Vice President of the United States" and that the State's "disfranchisement violates . . . Section 241 . . . the equal protection clause . . . and the

National Voter Registration Act." After briefing and a hearing, the court denied plaintiffs' request for injunctive relief, explaining that plaintiffs were entitled to no relief because the court "does not find the plaintiff's interpretation (of Section 241) to be a fair or reasonable construction," and because the court "concludes that defendants have correctly construed this provision." Defendants have now moved to dismiss, asserting, among other grounds for dismissal, that plaintiffs fail to state a claim upon which relief can be granted because their interpretation of Section 241 is legally incorrect.[1] Having again considered the parties' arguments, the court reaffirms its earlier conclusion that defendant has correctly construed Section 241. It follows that plaintiffs' complaint is without merit and should be dismissed with prejudice.

Accordingly, it is ordered that defendant's motion to dismiss is granted.

SO ORDERED this 9th day of March, 2009.

                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

---

[1] Defendants have also argued that this court lacks subject matter jurisdiction. The court previously rejected this argument, and does so again now.